IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                                      No. CR S-98-0073 FCD PAN P

    vs.

MICHAEL STANLEY HARRELL,

    Movant.                                        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Movant is a former federal prisoner proceeding pro se with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Movant challenges the restitution fine imposed as part of his sentence following his conviction, entered pursuant to a guilty plea, on one count of mail fraud, aiding and abetting, in violation of 18 U.S.C. §§ 1341 and 1342.  In the motion, movant styles the claim as a claim that his guilty plea was not knowing and voluntary because he was unaware of the full consequences of the plea. (§ 2255 Motion, filed May 8, 2000, at 5.)  In the supporting memorandum, however, movant argues that the restitution order was improper because it was evident at the time of sentencing that movant had no financial ability to comply with the order.  Movant contends that the restitution order therefore violates relevant provisions of the Victim Witness Protection Act, 18 U.S.C. § 3663, 3664, in that the court did not properly consider movant's financial condition or satisfy itself that movant could in

1

fact pay the restitution. (<u>See</u> Defendant's Memorandum of Points and Authorities in Support of Motion for Relief from Restitution, at 3.)

The government opposes the motion on the grounds that (1) in the plea agreement movant specifically waived his right to collaterally attack the underlying criminal proceedings or his sentence; and (2) movant specifically agreed in the plea agreement to restitution and the law allows such agreements to be made. (<u>See</u> Government's Response to Defendant's § 2255 Motion, filed June 14, 2000, <u>passim</u>.)

Section 2255 provides that a prisoner

> in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The right to file a § 2255 motion may, however, be waived. <u>See</u> <u>U.S. v. Abarca</u>, 985 F.2d 1012 (9th Cir. 1993). Such a waiver, if knowing and voluntary, is fully enforceable. <u>Id</u>. at 1014.

The plea agreement between the parties provides, <u>inter</u> <u>alia</u>, that "[t]he defendant specifically agrees to waive his appeal of the sentence imposed by the Court and any collateral attack on any aspect of the proceedings, including sentencing." (Ex. 1 to Government's Response to Defendant's § 2255 Motion, at ¶ 3.) Movant has made no showing that this waiver was either involuntary or unintelligent. It is therefore fully enforceable and precludes consideration of the claim raised in the instant § 2255 motion. <u>See</u> <u>U.S. v. Abarca</u>, <u>supra</u>.

Even if movant had not waived his right to bring this collateral attack on his sentence, any challenge contained in the motion is without merit. Movant's contention that his guilty plea was not knowing and intelligent because he was not informed of the nature of the charges or the consequences of the plea is belied by the signed plea agreement. (<u>See</u> Ex. 1 to Government's Response.) Movant's contention that the trial court erred by failing to comply

with provisions of the Victim Witness Protection Act, 18 U.S.C. §§ 3663-3664 in making the restitution order is waived by movant's failure to raise those contentions in the district court at the time of sentencing or on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1994) (challenge to nonconstitutional sentencing errors not cognizable in § 2255 proceedings where not raised at sentencing or on direct appeal); see also U.S. v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996) (same).

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Movant's May 8, 2000 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2. The clerk of the court be directed to close the companion civil case No. 00-1009 FCD PAN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 15, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
harr0073.257